IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JESSE GLENN MCMILLON | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv481 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jesse G. McMillon, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Petitioner seeks tolling for time he claims was needed to obtain the record "to correctly lay out to(sic) claim in his State post-conviction relief." *See* Petitioner's Objections at *2. However, no statutory tolling is provided while a petitioner gathers evidence to support his petition when the factual predicate for the claims that the evidence supported was known to the petitioner at an earlier

date. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Further, to the extent petitioner may seek equitable tolling, petitioner's claims fail. In *Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010), the Supreme Court held that § 2244(d) is subject to equitable tolling in appropriate cases. The Court stated that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, at 649. *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id.*, at 653.

Here, as the Magistrate Judge correctly found, petitioner's conviction was final on February 24, 2006, and the limitations period expired on February 24, 2007. Petitioner does not assert when he finally received the record he claims he needed. However, petitioner did not file his state application until more than three years later. Further, petitioner waited a full year after the denial of his state application to file this petition. While petitioner asserts there were exceptional circumstances in his case, he failed to disclose what those circumstances were.

The Fifth Circuit has stated that "equity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). The Fifth Circuit has also explained that "equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, and noted that excusable neglect does not support equitable tolling." *Ott v. Johnson,* 192 F.3d 510, 513-514 (5th Cir.1999), *cert. denied,* 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000).

Petitioner's excuses amount to no more than generalized complaints and are not exceptional circumstances such as to warrant equitable tolling. Petitioner's argument for equitable tolling is

without merit because he has failed to show rare and exceptional circumstances and he did not diligently pursue his claims. Accordingly, the petition should be dismissed as barred by limitations.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **11** day of **June, 2014.**

_____
Ron Clark, United States District Judge